UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Timo Ilves,

    Petitioner,

v.

Jeanna Rhae Ilves,

    Respondent.

Case No. 21-CV-00387

**STIPULATION AND ORDER**

---

WHEREAS, the parties wish to resolve all outstanding disputes between them and wish to resolve matters in the best interest of the child without the need for further expensive litigation.

NOW THEREFORE, the parties stipulate and agree that the Court may issue an Order as follows:

1. On June, 9, 2021, Petitioner filed an action in this Court for the return of the parties' minor child, N.W.I. under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the implementing legislation within the United States, including the International Child Abduction Remedies Act ("ICARA"), 22 USCA § 9001 et seq., and Wisconsin's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Wis. Stat. § 822.01, et seq.

2. On June 30, 2021, Respondent Jeanna Rhae Ilves filed an Answer in this proceeding and opposed the return of the minor child to Estonia raising certain defenses under the Convention.

3. The Tartu District Court in the nation of Estonia has continuing exclusive jurisdiction over issues related to the custody, placement and support of the parties' minor child, N.W.I.

4. The parties agree that Estonia is the habitual residence of the minor child, N.W.I.

5. The parties agree that Petitioner has valid rights to custody and placement of the minor child, N.W.I. in Tartu, Estonia.

6. This Court has jurisdiction over the parties, the minor child, and the subject matter of this proceeding.

7. By Order dated September 24, 2021, Petitioner Timo Ilves was granted sole custody of the minor child, N. W. I., by the Tartu District Court, in Civil Case Number 2-21-4674 as more fully set forth in the Order. Respondent shall immediately take all steps necessary to withdraw any appeal of that order.

8. Respondent withdraws her Answer in this proceeding and further agrees that the minor child N.W.I. should be returned to Estonia into the care and custody of Petitioner.

9. The parties shall follow the Orders issued by the Estonian Court with regard to custody and placement.

10. Respondent shall immediately take all steps necessary to dismiss the *ex parte* Order for Protection she obtained in Arizona in Maricopa County Court File No. FC2021-001109 and provide written proof of the dismissal to Mr. Ilves through his attorney.

11. Respondent shall immediately take all steps necessary to return the child to Mr. Ilves on or before November 16, 2021. Mr. Ilves shall come to the United States to pick-up the child at the Minneapolis St. Paul International Airport. Respondent shall (A)

meet Mr. Ilves at the Minneapolis St. Paul International Airport at the time set by Mr. Ilves, (B) bring N.W.I. and all of his belongings, including his United States and Estonian passports, with her, and (C) shall transfer N.W.I. into Mr. Ilves' custody. If Respondent fails to appear with the child for the transfer as agreed, an arrest warrant shall be issued for Respondent's arrest to ensure the transfer of the child after Mr. Ilves, through his counsel, provides notice of the failure to appear to this Court via Affidavit. The parties shall equally divide the costs of transportation for N.W.I. to return to Estonia.

12. Upon the return of the child to Estonia, Mr. Ilves shall Petition the Estonian Court to allow Respondent to have placement take place in Wisconsin for eight weeks during N.W.I.'s summer vacation from school. The parties shall share the costs of transporting N.W.I. for the summer placement. Respondent agrees that she shall return the child to Estonia at the end of any summer placement in Wisconsin and agrees that failure to return the child as agreed will be the basis for an immediate order of this Court and/or a State Court for the arrest of Respondent and for an order taking the child into custody for immediate return to Mr. Ilves upon a filing of an Affidavit to the Court advising of such failure to return the child. Respondent shall pay all court costs and attorney fees associated with obtaining the return of the child if she fails to return N.W.I. to Mr. Ilves when scheduled. This paragraph shall be null and void if Ms. Ilves is residing in Estonia.

13. During their scheduled parenting time, each party shall provide reasonable access to Zoom/Telephone/Facetime for the other party to communicate with N.W.I.

14. Mr. Ilves will cooperate with Ms. Ilves in developing an alternating winter holiday parenting time schedule during N.W.I.'s winter break from school.

15. Upon the signing of the Order by the Court, the evidentiary hearing scheduled for November 3, 4 and 5, 2021 shall be cancelled.

16. This Court shall have continuing jurisdiction to issue such other orders as necessary to enforce this Order.

APPROVED AS TO CONTENT:

Dated: October ____, 2021

_____
Timo Ilves
Petitioner

Dated: October 25, 2021

_____
Jeanna Rhae Ilves
Respondent

APPROVED AS TO FORM:

Dated: October 25, 2021

_____
Marc A. Johannsen, (WI #1020317)
Joshua M. Feneis, (WI #1122918)
LOMMEN ABDO, P.A.
210 Grandview Professional Bldg.
400 South Second Street
Hudson, WI 54016
Telephone: (612) 336-9302
Fax: (612) 436-1396
Email: marc@lommen.com
jfeneis@lommen.com
Attorneys for Petitioner

Dated: October 25, 2021

_____
Lonnie D. Story, Esq. (WI #1121459)
STORY LAW FIRM, LLC
732 North Halifax Avenue, #301
Daytona Beach, FL 32118
Telephone: (386) 492-5540
Email: lstorylaw@gmail.com
Attorneys for Respondent

## ORDER

Based upon the foregoing Stipulation entered into by the parties in the above-captioned action,

IT IS HEREBY ORDERED:

1. The foregoing Stipulation is the Order of this Court.

2. The clerk shall provide notice to the parties through their counsel of record via electronic service.

3. This is a final order for purposes of appeal.

Dated: October 25, 2021

BY THE COURT:

William M. Conley
U.S. District Judge

5